SEYFARTH SHAW LLP
William J. Dritsas (SBN 097523)
E-mail: wdritsas@seyfarth.com
Andrew M. McNaught (SBN 209093)
E-mail: amcnaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendants
RED ROBIN INTERNATIONAL, INC. and DAVID MURPHY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LORI A. PASCO, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RED ROBIN GOURMET BURGERS, INC., a California corporation, DAVID MURPHY, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 1:11-cv-01402-AWI-SKO<br><br>**DEFENDANTS RED ROBIN INTERNATIONAL, INC.'S AND DAVID MURPHY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:  November 2, 2011<br>Time:  9:30 a.m.<br>Dept:  8<br>Judge:  Hon. Sheila K. Oberto |

## I. INTRODUCTION

Plaintiff's Motion for Remand is nothing more than a transparent attempt to continue to avoid federal jurisdiction where it clearly exists.  As Defendants have established in their Notice of Removal, this Court properly has jurisdiction based on diversity of citizenship because David Murphy ("Murphy") is a classic "sham defendant" whom plaintiff fraudulently joined to prevent removal.  Simply put, Lori Pasco, ("Plaintiff") did not and cannot state any claims for harassment against Murphy because she failed to exhaust her administrative remedies on such claims.  Because Murphy was improperly named as a defendant, and because Plaintiff's procedural arguments lack any merit, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

II. **PROCEDURAL BACKGROUND**

On June 16, 2011, Plaintiff filed a complaint for damages in the Superior Court of the State of California, County of Stanislaus, designated Stanislaus County Superior Case No. 667181. The complaint alleges six purported causes of action under the California Fair Employment and Housing Act ("FEHA") against the corporate defendant and Murphy. Plaintiff's only claims against Murphy are for harassment under the FEHA and failure to prevent harassment. On or about July 19, 2011, Plaintiff filed a proposed amended to the complaint in order to substitute in the correct corporate defendant, Red Robin International, Inc. Defendant Red Robin International, Inc. was served with the summons and complaint on July 22, 2011, and Defendant David Murphy was served on July 21, 2011. On August 19, 2011, Defendants filed their Answer to Plaintiff's complaint in the Stanislaus County Superior Court. Defendants then timely filed their Notice of Removal to this Court on August 22, 2011.

On September 20, 2011, Plaintiff filed her Motion to Remand. Plaintiff originally set the hearing on this motion for October 26, 2011. On September 23, 2011, the Court *sua sponte* continued the hearing date to November 2, 2011.

III. **LEGAL ARGUMENT**

    A. **Jurisdiction With This Court is Proper Because Murphy is a "Sham" Defendant**

On the face of the complaint (and on the face of Plaintiff's motion), it is evident that Murphy is a "sham" defendant.[1] Despite her creative efforts to the contrary, Plaintiff has failed to address or rebut the fundamental point which is fatal to her remand motion: a statutory prerequisite to a suit under the FEHA is the filing of a DFEH/EEOC charge containing the same allegations. Gov't Code § 12900 *et seq.* Plaintiff has failed to reference a claim of harassment

---

[1] This issue appears to be the only matter of dispute between the parties on this motion. Plaintiff has not contested Defendants' contentions regarding the amount in controversy requirement being met, as set forth in their Notice of Removal. Nor is there any dispute regarding Plaintiff's and Murphy's respective citizenships. Plaintiff appears to argue that the complaint was not removable because it did not allege Plaintiff's or Murphy's citizenships at the time of filing. (Opp., 5:11-6:12). This argument is not only incorrect, but it is also controverted by Plaintiff's own assertions earlier in the Opposition that she is a resident of California, and that Murphy is believed to be one, as well. (Opp., 2:17-18). In any event, the parties do not dispute that both Plaintiff and Murphy are citizens of California, and that the corporate defendant is not.

1   on any basis against Murphy in her agency charge, yet she pleads those claims in her complaint.

2   The law is clear that the Court lacks jurisdiction over any harassment claim against Murphy.

3   *Okoli v. Lockheed Technical Operations Company*, 36 Cal.App.4th 1607, 1617 (1995) (charge of

4   discrimination referenced only discriminatory failure to promote, not retaliation); *Martin v.*

5   *Lockheed Missiles & Space Co.*, 29 Cal.App. 4th 1718 (1994) (in the context of FEHA, the

6   failure to exhaust is a jurisdictional, not a procedural defect); *Regents of the University of*

7   *California v. Superior Court*, 33 Cal.App. 4th 1710 (1995) (granting summary judgment when

8   administrative remedies not exhausted).

9       Here, Plaintiff mentioned no facts specific to any harassment claim against Murphy in her

10  charge that would have lead the investigating agency (the EEOC) to investigate allegations of

11  harassment.  Because Plaintiff clearly did not file an administrative charge encompassing

12  harassment, her harassment claims against Murphy fail as a matter of law, and this Court lacks

13  jurisdiction over them.  Accordingly, Murphy is named only as a "sham" defendant in order to

14  defeat diversity jurisdiction where it otherwise exists.

15      **B.   Plaintiff Has Failed To Exhaust Her Administrative Remedies As To Her Harassment Claims Against Murphy, So They Fail**

16

17      Even in the light most favorable to Plaintiff, she cannot state a claim for harassment

18  against Murphy under well-settled California and Federal law.  Indeed, Plaintiff does not even

19  bother to address these California authorities (also cited in the Notice of Removal) in her motion.

20  In order to avoid this certainty, Plaintiff argues that "the removal in the case at bar assumes the

21  court will make a Rule 12(b)(6) decision in favor of the defendants on the validity of the claim

22  against Mr. Murphy…"  (Opp., 2:28-3:1).  However, this Court does not need to consider or

23  make any 12(b)(6) type decision to determine that Plaintiff has not pled a claim for harassment

24  against Murphy.  *See, Morris v. Princess Cruises, Inc.*, 236 F.3d. 1061, 1067 (9th Cir. 2001).

25  *Morris* is instructive.  There, the Ninth Circuit determined that a co-defendant had been

26  fraudulently joined because the plaintiff's failure to allege facts sufficient to state a claim for

27  negligent misrepresentation was "obvious according to settled law." *Id.* at 1068.  Consequently,

28  for purposes of this motion, this Court need find only that according to settled law, it is obvious

that Plaintiff may not state a claim for harassment against Murphy under the FEHA because she

1   has failed to exhaust her administrative remedies as to those claims.

2         Plaintiff cites *Roby v. McKesson Corp.*, 47 Cal.4th 686, 706-707 (2009) for the
3   undisputed proposition that hostile working environment harassment and discrimination are
4   distinct claims under the FEHA.  (Opp., 3:11-26).  Plaintiff's citation to *Roby* is inapposite.  The
5   fact that discrimination and harassment are distinct offenses which can exist in the same case is
6   irrelevant here.  *Roby* does not address the issue of failure to exhaust administrative remedies,
7   which is the jurisdictional defect here that is fatal to Plaintiff's claims of harassment against
8   Murphy.  Plaintiff attempts to blur this obvious distinction by misrepresenting the scope and
9   subject matter of her agency charge with the EEOC.  In attempting to liken her case to *Roby*,
10  Plaintiff asserts "she described that she was the subject of 'bias that was expressed or
11  communicated through *interpersonal relations* in the workplace.'"  (Dec. of Timothy Tomlin,
12  Exh. 1).  This, however, is simply a misrepresentation of what Plaintiff stated in her agency
13  charge.  Plaintiff never used the phrase "interpersonal relations" or the other irrelevant language
14  she now attempts to co-opt from *Roby*.

15        Instead, the narrative portion of Plaintiff's EEOC charge contains allegations of
16  discrimination, but absolutely no allegations relating to harassment of any kind.  As Plaintiff
17  herself points out in citing to *Roby*, those are distinct and separate claims under the FEHA.
18  Plaintiff unequivocally states in her EEOC charge that she was discriminated against on the basis
19  of her sex and her age, and also retaliated against for raising issues related to reasonable
20  accommodation under the ADA with Mr. Murphy.  (Tomlin Dec., Exh. 1).  Plaintiff alleges she
21  was treated differently than a younger, male co-worker.  She also alleges that she discussed her
22  purported need for reasonable accommodation under the ADA with Murphy, and that she later
23  forwarded to him materials related to supposed obligations under that law.  She then alleges that
24  Murphy and another supervisor, Don Dalton, terminated her employment for "work policy
25  violations."  Plaintiff clearly concluded "I believe that I was discriminated against because of my
26  sex, female, age, 44 and retaliated against for engaging in protective activity."  (Tomlin Dec.,
27  Exh. 1).

28        Despite Plaintiff's current efforts to save her harassment claims against Murphy for the

1  purpose of avoiding diversity jurisdiction, it is absolutely clear that Plaintiff completely failed to
2  allege harassment of any kind against Murphy in her EEOC charge.  In a further attempt to
3  conflate the issues, Plaintiff writes "the complaint describes in greater detail both the
4  discrimination and associated harassment."  (Opp., 4:19-20).  It is true that Plaintiff's complaint
5  contains numerous allegations of purported harassment against Murphy.  Plaintiff's problem,
6  however, is that her EEOC charge contains absolutely none of these allegations, and indeed does
7  not even hint at them.  (Tomlin Dec., Exh. 1).

8        Plaintiff also attempts unconvincingly to distinguish the *Lattimore* case.  She states that
9  *Lattimore* "appears to conflict" with the California Supreme Court's decision in *Roby,* (Opp.,
10 5:4-5).  Contrary to Plaintiff's arguments, there is no conflict between *Roby* and *Lattimore v.*
11 *Polaroid Corp.*,  99 F.3d 456 (1st Cir. 1996).  *Lattimore* addresses the issue *relevant in this*
12 *motion*, which is Plaintiff's failure to exhaust her administrative remedies.  *Roby* does not
13 address that issue.  The *Lattimore* court held that an employee did not exhaust his administrative
14 obligation when he failed to assert a harassment claim in addition to his discriminatory
15 termination claim in his administrative charge.  The court noted that (as here) the charge focused
16 exclusively on the employee's termination and events leading up to it.  It reasoned that because
17 an investigation of a charge is not a fishing expedition that extends to matters unrelated to the
18 charge, the harassment issues could not have been investigated in a discriminatory discharge
19 charge.  *Id.* at 464.  *Lattimore* is accordingly exactly on point, and it is the *Roby* case which is
20 distinguishable and inapposite, since it does not address the issue of administrative exhaustion.
21 *Lattimore* thus stands squarely for the proposition that Plaintiff cannot do *exactly* what she is
22 attempting to do in this motion:  argue that her discrimination EEOC charge includes and
23 subsumes harassment claims, when it plainly does not.  Plaintiff mentions absolutely no facts
24 specific to a harassment claim in her administrative charge.  Defendants were thus not put on
25 notice of any such claims, and the EEOC had no reason to investigate alleged harassment.

26       Moreover, the relevant California cases make this point exceedingly clear.  Any civil
27 lawsuit under the FEHA is necessarily limited to the scope of the administrative charge on which
28 it is based.  Gov't Code § 2960; *Okoli v. Lockheed Technical Operations Company*, 36 Cal.App.

1  4th 1607, 1617-19 (1995) (charge of discrimination referenced only discriminatory failure to
2  promote, not retaliation; summary judgment for employer on retaliation claim); *Martin v.*
3  *Lockheed Missiles & Space Co.*, 29 Cal.App. 4th 1718, 1724 (1994) (failure to exhaust an
4  administrative remedies under the FEHA is a jurisdictional not a procedural defect; plaintiff
5  precluded from maintaining claims not embodied in her charge for which the DFEH had issued a
6  right to sue); *Regents of the University of California v. Superior Court*, 33 Cal.App. 4th 1710
7  (1995) (granting summary judgment when administrative remedies not exhausted); *Yurick v.*
8  *Superior Court*, 209 Cal.App. 3rd 1116 (1989) (failure to allege discrimination claims in
9  administrative charge bars those causes of action in litigation); *see also Ong v. Cleland*, 642 F.2d
10 316, 319 (9th Cir. 1981) (EEOC charge referenced only failure to promote, so plaintiff could not
11 assert claim for constructive discharge).

12       Plaintiff contends "it is difficult to see how the EEOC … in investigating the claims of
13 sex, age and disability discrimination could ignore evidence of harassment …" (Opp., 4:24-26).
14 This assertion is nothing more than unfounded speculation.  The point made by *Lattimore* and
15 the California authorities cited above is that the EEOC or DFEH would not be investigating
16 claims of harassment because no such claims were raised in Plaintiff's EEOC charge.  Plaintiff's
17 theory of the case was clearly different at the time she filed her EEOC charge, which contained
18 no allegations of harassment.  By the time Plaintiff filed her complaint in state court, she had
19 clearly decided that she wanted to avoid federal jurisdiction and so pled a litany of new
20 harassment claims against Murphy.  However, because Plaintiff failed to exhaust her
21 administrative remedies with respect to her harassment claims, they fail as a matter of law and
22 this Court has no jurisdiction over them.[2]

---

[2] Plaintiff does not contest Defendants' showing in their removal papers that Plaintiff's FEHA claim against Murphy for "failure to prevent harassment and discrimination" also fails as a matter of law, because it lies only as to the corporate defendant and not as to Murphy.

## IV. CONCLUSION

Because each of Plaintiff's claims pled against Defendant Murphy fails as a matter of law and this Court lacks jurisdiction over them, Murphy is therefore a "sham" defendant in this action. Defendants therefore respectfully request that Plaintiff's Motion to Remand be denied and that this Court retain jurisdiction.

DATED:  October 19, 2011                SEYFARTH SHAW LLP


By  /s/
         William J. Dritsas
         Andrew M. McNaught

Attorneys for Defendants
RED ROBIN INTERNATIONAL, INC. & DAVID MURPHY

13851207v.1