# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. PASCO, | CASE NO. 1:11-cv-01402-SKO |
| Plaintiff | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| RED ROBIN GOURMET BURGERS, INC., | (Docket No. 27) |
| Defendant. / | |

## I. INTRODUCTION

On May 24, 2012, the parties filed a stipulated request for a protective order regarding confidential discovery materials. (Doc. 27.) The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II. DISCUSSION

**A.  The Parties Fail to Comply with Local Rule 141.1**

The stipulation and proposed order do not comply with Local Rules of the United States District Court, Eastern District of California, Rule 141.1. Pursuant to Local Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulation and proposed order fail to contain any of this required information.

### 1. The Parties Fail to Provide a Description of the Type of Information Eligible for Protection Under the Proposed Protective Order

Under Local Rule. 141.1(c)(1), the parties must provide "[a] description the types of information eligible for protection under the order." Such information may be "provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." *Id*.

Here, the proposed protective order sets forth that a "party may designate as 'confidential' any portion of any litigation materials that it believes, in good faith, constitutes or contains non-public, highly sensitive, private, confidential, trade secret information or proprietary information." (Doc. 27, 1:25-28.) Further, a "party may designate as 'Highly Confidential Information - Attorneys' Eyes Only,' any Litigation Materials that are particularly sensitive and constitute or contain non-public, highly sensitive, private, confidential, trade secret information or proprietary information." (Doc. 27, 2:1-4.) Litigation materials are defined as "all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the Parties by non-parties pursuant to judicial procedures." (Doc. 27, 1:20-24.)

The parties' broad definition of confidential information as being "litigation materials" that constitute or contain "sensitive, private, confidential, trade secret information or proprietary

information" fails to provide a description regarding "the types of information eligible for protection under the order" as required under Local Rule 141.1(c)(1).

### 2. The Parties Fail to Show a Particularized Need for Protection

Local Rule 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties fail to show such a particularized need and simply state that a party may designate, "in good faith," "any portion of any litigation materials" that are identified as "Confidential" or "Highly Confidential." (Doc. 27, 1:25-2:5.) This is far too broad and tenuous a category of information and provides no explanation as to why a particularized need for protection is required or what category of information is covered under the protective order.

### 3. The Parties Fail to Show Why the Need for Protection Should Be Addressed by Court Order

Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 27, 5:6-17.) However, it is unclear as to how the Court could decide on such a dispute since, as discussed above, there is no information provided in the proposed protective order defining confidential materials and therefore no guidance given to the Court as to how such a dispute should be resolved.

### B. The Parties Are Cautioned that the Court Will Not Issue a Sealing Order Absent Good Cause

The Court notes that the proposed protective order indicates that, with regards to submission to the Court, the party seeking to submit materials designated as "Confidential" or "Highly Confidential" "will file a motion for an order permitting filing under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings." (Doc. 27, 5:18-23.)

Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The party seeking to seal a document related to a motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010). Further, if the sealing request relates to documents supporting a dispositive motion, a compelling reason to seal must be set forth. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

As such, if a party seeks to file confidential information under seal with the Court, even if such a request is unopposed, the filing party must comply with the requirements set forth in Local Rule 141 concerning the sealing of documents and must make a "good cause" showing pursuant to Rule 26 or set forth a "compelling reason" if the documents are filed in support of a dispositive motion; *see Pintos*, 605 F.3d at 677-80; *Kamakana*, 447 F.3d at 1180.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request for a protective order (Doc. 27) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

**Dated:   May 25, 2012**                              /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE