SEYFARTH SHAW LLP
William J. Dritsas (SBN 097523)
E-mail: wdritsas@seyfarth.com
Andrew M. McNaught (SBN 209093)
E-mail: amcnaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
RED ROBIN INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LORI A. PASCO, an individual, | Case No. 1:11-cv-01402-SKO |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY** |
| v. | |
| RED ROBIN INTERNATIONAL, INC., a California corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

In accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141.1 and for good cause shown, IT IS HEREBY ORDERED:

1.      This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory responses, and deposition testimony. (collectively defined as "Litigation Materials").

2.      In producing or disclosing Litigation Materials, any party may designate as "Highly Confidential Information," those Litigation Materials that it believes in good faith are particularly sensitive including: (1) Plaintiff's medical record information; (2)  Plaintiff's psychiatric records which Defendant has subpoenaed; and  (3) information related to third party witnesses to the extent their constitutional privacy rights are implicated (collectively defined as

-1-
STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

1  "Highly Confidential Materials").  As litigation is ongoing, Defendant reserves the right to
2  designate additional Highly Confidential Materials as they become implicated in this litigation.
3  Plaintiff has signed a release of her confidential medical and psychiatric records on stipulation
4  that such records will remain confidential and subject to a protective order.  Accordingly,
5  protection of Plaintiff's medical and psychiatric records is necessary to preserve her privacy
6  interests in those records and to allow sharing of information which will further this litigation.
7  Likewise, private agreement cannot adequately ensure that third-party privacy rights are
8  protected as this Court is the appropriate entity to determine the scope of third-party privacy
9  rights.  Providing a mechanism for Court resolution of these questions of confidentiality will
10 streamline this litigation and promote judicial economy.

11        3.        All Highly Confidential Materials made available in the course of the litigation of
12 this case shall be used solely for the purposes of preparing for and conducting the litigation of
13 this case and for no other purpose whatsoever.  No Highly Confidential Materials may be used or
14 disseminated except in accordance with the terms of this Protective Order.

15        4.        The parties may designate written Litigation Materials as "Highly Confidential
16 Information" at or before production or disclosure by (a) stamping or otherwise writing the
17 legend "HIGHLY CONFIDENTIAL" on the Litigation Materials or (b) by an alternative method
18 acceptable to all parties.  In the event that Litigation Materials that are not designated initially as
19 "Highly Confidential" are later designated as such, they shall thereafter be treated as "Highly
20 Confidential" Litigation Materials in accordance with this Protective Order.

21        5.        Parties may designate applicable sections of deposition transcripts as "Highly
22 Confidential" by any one of the following means:  (a) stating orally on the record that the
23 information is Highly Confidential and the portions for which such designation is made, on the
24 day that testimony is given; or (b) sending written notice designating information as "Highly
25 Confidential" within fifteen days after receipt of a final transcript thereof.  All information
26 disclosed during a deposition shall be treated as if it were confidential unless and until the
27 fifteen-day period set forth in this paragraph has expired without any written designation notice
28 having been sent.  Failure to designate depositions or other testimony as "Highly Confidential"

within this fifteen-day period, however, does not preclude a party from doing so later in accordance with this order.

6. Litigation Materials designated "Highly Confidential" and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following Qualified Persons:

(a) Counsel for the parties, including both outside counsel and in-house counsel for the parties;

(b) Legal, paralegal, non-technical, and clerical staff employed by counsel for the parties for the preparation of and trial of this action who have been advised of this Order;

(c) Private court reporters or notaries public engaged by the parties in their official capacities;

(d) Independent third-party experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order and who are not employed by any competitors of RED ROBIN INTERNATIONAL, INC.;

(e) Any third-party mediator selected by the parties or appointed by the Court; and

(f) The Court and court personnel.

7. Before any person is given access to Highly Confidential Materials pursuant to ¶6(a)-(c), such person shall be specifically advised of the existence and requirements of this Protective Order.  In addition, before any person is given access to Highly Confidential Materials pursuant to ¶6(d)-(f), such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms.  Counsel of record shall maintain possession of an executed copy of this Protective Order and shall provide a copy of it to each Qualified Person executing the acknowledgment and agreement appended as Exhibit A.  A copy of the acknowledgment and agreement to be bound by the terms of this Protective Order signed by each person falling within

the terms of this Protective Order shall be made available to opposing counsel upon request. Nothing in this paragraph, however, shall require the disclosure of the identity of experts retained by the parties.  Any individual who is a plaintiff in this matter may be shown Litigation Materials marked "Highly Confidential," pursuant to this paragraph, but they may not retain copies of any Litigation Materials marked " Highly Confidential," except for periods of short duration necessary to prepare for hearings, depositions, or trial in this matter.

8.      If Litigation Material designated Highly Confidential or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Highly Confidential."

9.      If any party objects to the designation of any Litigation Materials as "Highly Confidential," that party shall so state its objection in a letter to counsel for the party making the designation.  If the dispute cannot be resolved by agreement, the party challenging the designation of any Litigation Material as "Highly Confidential" shall have the right, on reasonable notice but in any event not less than five (5) days prior to the use of the documents or submission of the documents to the Court, to apply to the Court to have materials designated as not confidential.  Until the Court rules on the motion, Highly Confidential Material shall continue to be treated as so designated and any papers filed with the Court may not include such Highly Confidential Material (except as provided for in Paragraph 8), but may refer to them by proper identification, such as Bates Stamp number or date and author.

10.     If counsel for any party to the action determines to file with, or submit to, the Court (other than at trial) (a) any Highly Confidential Materials, or (b) any pleading or other Document making any reference to the specific content of  Highly Confidential Materials, the filing party will file a motion for an order permitting filing under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings. However, if the party filing the Highly Confidential Materials was the only party who designated the information and/or documents "Highly Confidential," the filing party may elect at its sole discretion to not file a motion seeking permission to file under seal, but may instead file its own Highly Confidential Materials in accordance with regular court practices.  Except by mutual

-4-
STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

1 agreement or in the case of an emergency motion, any motion seeking permission from the Court
2 to file under seal must be filed at least five (5) business days before the due date, and, if the
3 Court does not issue a ruling on such motion within two (2) business days preceding the due
4 date, the parties agree that the filing party may file an uncontested motion for an extension of the
5 due date pending the Court's ruling.

6     11. If the Court permits the Highly Confidential Materials to be filed under seal, the
7 filing may be made electronically or by hand in accordance with the Court's rules and practices.
8 In the event the Highly Confidential Materials are not electronically filed under seal, the sealed
9 envelope in which such Highly Confidential Materials are filed shall be prominently marked
10 "HIGHLY CONFIDENTIAL INFORMATION." The envelope shall also be prominently
11 marked with the case caption and shall state "This envelope, which is being filed under seal,
12 pursuant to the Court's order of [date], contains documents which include Highly Confidential
13 Material." The envelope in addition to enclosing a hard copy of the Highly Confidential
14 Materials shall have a disk or CD-ROM containing the Highly Confidential Materials in PDF
15 format. One copy of any Highly Confidential Materials filed with the Court shall be furnished to
16 the other Party.

17     12. A party who files a motion for an order permitting the filing of Highly
18 Confidential Materials under seal, whether contested or uncontested, may include in the same
19 motion a request for an authorization to redact confidential information not relevant to the
20 purpose of the filing of the Highly Confidential Materials.

21     13. Nothing in this Protective Order shall prevent any party from disclosing its own
22 confidential Litigation Materials as it deems appropriate and any such disclosure shall not be
23 deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the
24 Protective Order.

25     14. If a party to this Protective Order in possession of Litigation Materials receives a
26 subpoena from a non-party seeking the production or other disclosure of Litigation Materials,
27 whether or not such materials have been designated as confidential, that party shall immediately
28 give written notice to counsel of record for the party who provided the Litigation Materials being

-5-
STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

sought, which such notice shall include a copy of the subpoena.  Where possible, at least ten days' notice before production or other disclosure should be given.  In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least ten business days, to take appropriate action, including seeking judicial relief.

15.	By this Protective Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application on notice on any grounds.

16.	This Protective Order shall not control the use of any evidence during the trial or any hearing of this case.  However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

17.	The fact that discovery material is designated confidential or that such material is disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

18.	This Protective Order shall not apply to any materials that are publicly available.

19.	The inadvertent production or disclosure of any Litigation Material in discovery or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

20.	The parties may modify the provisions of this Protective Order at any time by stipulation approved by order of the Court, or, if no stipulation can be obtained, by motion.

21.	Upon final resolution of this matter, all Highly Confidential Materials will be returned to the producing party, or destroyed and certified as destroyed, at the option of the producing party, within forty-five days.  Notwithstanding anything contained herein to the

contrary, counsel for the Parties may retain copies of all transcripts and work product, including, but not limited to pleadings, briefs, correspondence and memoranda that are claimed to contain Highly Confidential Information. Such materials shall remain subject to this Protective Order, which shall survive the termination date.

22. This Protective Order shall be binding upon the parties upon their signature hereto and by signing hereto each party agrees to comply with the terms of this Protective Order and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this stipulation, and even if the Court does not enter the proposed Protective Order based upon this stipulation. In the event that the Court does not enter the proposed Protective Order based upon this stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

23. This Court shall have continuing jurisdiction over this Order and its enforcement.

AGREED TO:

LAW OFFICES OF JOHN L. FALLAT


By  \s\ JOHN L. FALLAT
         John L. Fallat
         Timothy J. Tomlin
Attorneys for Plaintiff
LORI A. PASCO


SEYFARTH SHAW LLP


By  \s\ ANDREW M. MCNAUGHT
         William J. Dritsas
         Andrew M. McNaught

Attorneys for Defendant
RED ROBIN INTERNATIONAL, INC.

//

//

//

# EXHIBIT A

## ACKNOWLEDGMENT

1. I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, Eastern District of California, in the action titled *Lori A. Pasco v. Red Robin International, Inc., et al.,* Case Number 1:11-CV-01402-SKO governing confidential information disclosed in this action.

2. I understand the terms of the Order and agree to be bound by such terms.

3. I understand and agree that any documents, material or information designated or marked "Highly Confidential" shall only be used for purposes of this litigation.

4. I consent to personal jurisdiction within the State of California with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.

Executed this _____ day of _____, 2011, at _____ [city], _____[state].

_____
Print Name:_____
Address: _____
_____
Employer: _____

14414269v.3

## ORDER

The parties' stipulated protective order is approved and adopted by the Court with the following clarification. Sentence 2 of Paragraph 7 is revised as follows:

> In addition, before any person is given access to Highly Confidential Materials pursuant to **¶6(d)-(e)**, such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms.

This revises the previously set forth condition that the Court and Court personnel, as identified in Paragraph 6(f), be required to sign Exhibit A, the acknowledgment to be bound by the terms of the Protective Order. The Court and Court personnel do not sign such agreements.

IT IS SO ORDERED.

Dated: **June 19, 2012**          **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE