# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. PASCO,<br><br>            Plaintiff<br><br>     v.<br><br>RED ROBIN INTERNATIONAL, INC.,<br>et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-01402-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED REQUEST TO AMEND THE SCHEDULE**<br><br>(Docket No. 38) |

## I.   INTRODUCTION

On October 12, 2012, the parties filed a "Stipulation & Order to Amend Scheduling Order to Extend Date of Discovery Cut-Off and Expert Disclosure/Discovery Cut-Off Dates" (the "Stipulation"). (Doc. 38.)  The parties seek to extend the non-expert discovery deadline from October 19, 2012, to December 1, 2012; set "the deadline for filing motions to compel" to January 4, 2013; extend the expert disclosure deadline from October 19, 2012, to January 7, 2013; and extend the expert discovery deadline from November 6, 2012, to February 22, 2013.[1]  (Doc. 38.)

## II.   DISCUSSION

As an initial matter, the Stipulation does not indicate the reasons why the schedule needs to be amended.  As such, the parties have not provided good cause for a schedule modification, and the request for an extension cannot be granted.

---

[1] Although the Stipulation requests to extend the discovery deadlines until dates in January and February **2012**, it is apparent from the Stipulation that the parties intended the dates to be in calendar year 2013.

Second, the parties are seeking to extend "the deadline for filing motions to compel." (Doc. 38, 1:23-24.) It is unclear whether the parties are seeking to extend the deadline for all non-dispositive motions, or whether they are requesting to establish a separate deadline that applies to only motions to compel. To prevent confusion as to the nature of the motions that might fall under a separate "motion to compel" deadline that is different from a non-dispositive motion filing deadline, the parties should seek to extend the deadline for *all* non-dispositive motions. Additionally, the parties need to request an extension of the non-dispositive motion hearing deadline, which is currently set for December 19, 2012. (Doc. 21, 3:12-13.)

Lastly, the Stipulation only seeks to extend the current non-expert and expert discovery deadlines, the expert witness disclosure deadline, and the "motion to compel" filing deadline, but does not seek to modify any other dates. (Doc. 38.) Unfortunately, the dates proposed by the parties conflict with the other deadlines currently set in the scheduling order. (*See* Doc. 21.) For example, the requested "deadline for filing motions to compel" of January 4, 2013, occurs after the current dispositive motion filing deadline of December 26, 2012, and thus does not allow the Court the ability to rule on motions to compel that could potentially impact the evidence submitted when filing dispositive motions. Additionally, the requested extension of the expert discovery deadline to February 22, 2013, is also likely to impact the dispositive motion filing date.

As such, the Court infers from the Stipulation that the dispositive motion filing deadline must also be modified. However, any changes made to the dispositive motion filing date would also necessitate changes being made to the pretrial conference and trial dates. The parties fail to request any modifications to any of these dates.

While the Court is willing to accommodate the parties' request for a modified schedule, provided the parties can show good cause for a schedule modification, the Court cannot adopt the dates proposed in the Stipulation. If the parties wish to re-file their request for an extension of the schedule, they should propose a schedule that preserves the same number of weeks between the dates for the non-expert and expert discovery deadlines, the filing and hearing dates of non-dispositive and dispositive motions, the pre-trial conference date, and the trial date. Specifically, the parties should propose dates that maintain at least six (6) weeks between the hearing

1  date for the dispositive motions and the pretrial conference as well as at least six (6) weeks between
2  the date of the pretrial conference and the date of the trial. Further, to allow for adequate time for
3  the Court to consider any dispositive motions filed, it is recommended that the parties allow
4  approximately six (6) weeks between the dispositive motion filing deadline and the dispositive
5  motion hearing date, and that the hearing date on the non-dispositive motions be held prior to the
6  filing deadline for the dispositive motions.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to modify the scheduling order is DENIED WITHOUT PREJUDICE; and

2. The parties may renew their request by proposing a schedule that comports with the specifications set forth above.

IT IS SO ORDERED.

**Dated:   October 16, 2012**               /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE